S01Y0466. IN THE MATTER OF CHARLES E. BAGLEY.
(548 SE2d 295)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Charles E. Bagley violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 44 (wilful abandonment or disregard of a legal matter to the client's detriment) of Bar Rule 4-102 (d). The violation of either Standard may be punished by disbarment and that is the sanction sought by the Investigative Panel of the State Bar of Georgia. We agree that disbarment is appropriate in this case.

Here, Bagley was appointed to defend a client in an action to terminate her parental rights. Bagley represented the client from 1993 through the trial of her case in 1995 and then represented her in the appeal of the order terminating her parental rights. In so doing, Bagley filed the client's appeal but failed to file either enumerations of error or a brief on her behalf, despite having received notice of the deadlines from the Court of Appeals. The Georgia Department of Human Resources ("DHR") then moved to dismiss the appeal but Bagley did not respond to the motion or to his client's requests for information regarding the status of her appeal. The Court of Appeals granted DHR's motion and dismissed the client's appeal in September 1999, but Bagley did not inform his client of this development.

The client learned of the dismissal by calling the court clerk's office. After the client confronted Bagley regarding the dismissal, he promised to file a motion to have it set aside but, once again, never did so. Instead, Bagley continued to assure the client that he was working on her appeal. Finally, when she demanded her transcript to pursue further legal remedies, Bagley did not deliver it. Accordingly, on January 12, 2000, the client filed a grievance against Bagley with the State Bar and this disciplinary matter ensued. See Bar Rule 4-204.1. Although the Bar personally served a Notice of Investigation on Bagley, in accordance with Bar Rule 4-203.1 (b) (3) (i), he failed to respond, leading this Court to grant an interim suspension of Bagley's license by order dated August 24, 2000, pursuant to Bar Rule 4-204.3 (d).

Considering these facts, we agree with the Investigative Panel that Bagley violated Standards 4 and 44 of Bar Rule 4-102 (d). As aggravating circumstances we note Bagley's failure to respond to the Notice of Investigation or to the Notice of Discipline, despite having been personally served with both; his significant prior experience with the disciplinary process; and his failure to make any efforts to have his interim suspension lifted. We also note in aggravation that Bagley has had two prior disciplinary actions, having received a 30 day suspension in November 1996 for falsifying a document after abandoning a client matter and having received a public reprimand on January 19, 2000 for a previous failure to respond to disciplinary authorities during the investigation of a grievance. We find no factors in mitigation and therefore believe that the facts in this case support the imposition of a significant sanction for the violations shown herein. Accordingly, it is hereby ordered that Bagley be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 4, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.